IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL AUSTIN BOYD, JR.,**

    **Petitioner,**

**v.**     **CIVIL ACTION NO. 1:18CV178**
        **CRIMINAL ACTION NO. 1:17CR30**
        **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

    Pending is the pro se motion filed pursuant to 28 U.S.C. § 2255 by the petitioner, Michael Austin Boyd, Jr. ("Boyd"), in which he seeks to vacate, set aside, or correct his sentence (Dkt. No. 44).[1] For the reasons that follow, the Court **DENIES** the motion and **DISMISSES** Civil Action Number 1:18CV178 **WITH PREJUDICE.**

**I. BACKGROUND**

    On September 11, 2017, Boyd pleaded guilty to one count of possession with intent to distribute cocaine base, in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(C) (Dkt. No. 31). On January 17, 2018, the Court sentenced Boyd to 240 months of imprisonment, followed by 3 years of supervised release (Dkt. No. 38). Boyd did not appeal; his conviction thus became final on January 30, 2018. On September 17, 2018, Boyd filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting

---

[1] Unless otherwise noted, all docket numbers refer to Criminal Action No. 1:17CR30.

**BOYD v. UNITED STATES**  1:18CV178/1:17CR30

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

ineffective assistance of counsel at sentencing because (1) his counsel failed to object to the application of a two-level sentencing enhancement pursuant to U.S.S.G. § 2D1.1(b)(12), and (2) his counsel did not require the Court to make an independent relevant conduct finding (Dkt. No. 44). On July 31, 2019, the Court ordered the Government to respond to Boyd's motion (Dkt. Nos. 51, 67). Following the Government's response, Boyd did not reply. The matter is ripe for decision.

## II. APPLICABLE LAW

28 U.S.C. § 2255(a) permits federal prisoners who are in custody to assert the right to be released if "the sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

To succeed on an ineffective assistance of counsel claim, a "petitioner must show, by a preponderance of the evidence, that (1) 'counsel's performance was deficient,' and (2) 'the deficient

2

**BOYD v. UNITED STATES** 1:18CV178/1:17CR30

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

performance prejudiced the defense.'" Beyle v. United States, 269 F. Supp. 3d. 716, 726 (E.D. Va. 2017) (quoting Strickland v. Washington, 466 U.S. 668, 687 (1984)). "The [p]etitioner must 'satisfy both prongs, and a failure of proof on either prong ends the matter.'" Beyle, 269 F. Supp.3d at 726 (quoting United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004)).

To satisfy the first prong, the petitioner must show that counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687-88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

To satisfy the second prong, the petitioner must demonstrate that counsel's inadequate performance prejudiced him. Id. at 687.

3

**BOYD v. UNITED STATES**                                              **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### III. DISCUSSION

**A.    U.S.S.G. § 2D1.1(b)(12) enhancement**

Boyd first contends that his attorney provided ineffective assistance at sentencing by failing to object to the application of a two-level enhancement for maintaining a drug involved premises, pursuant to U.S.S.G. § 2D1.1(b)(12) (Dkt. No. 44-1 at 3–7). According to Boyd, had his counsel objected, the Government "would have been unable to meet its burden of proof" and there is a "reasonable probability" that the Court would not have applied the enhancement. Id. at 1, 7.

A two-level enhancement is warranted under U.S.S.G. § 2D1.1(b)(12) when the evidence preponderates that a defendant "knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance, including storage of a controlled substance for the purpose of distribution." U.S. Sen't Guidelines Manual § 2D1.1, App. Note. 17 (U.S. Sent'g Comm'n 2016). "Among the factors the court should consider in determining whether the defendant 'maintained'

4

**BOYD v. UNITED STATES**                                                          **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." Id. Importantly, "[m]anufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises." Id.

When the Court calculated Boyd's guideline range at his sentencing hearing, it applied the § 2D1.1(b)(12) enhancement based on (1) the Government's version of Boyd's conduct in the Presentence Report ("PSR"); (2) testimony given by the investigating officer, Lieutenant Brian Purkey ("Lt. Purkey"), at Boyd's plea hearing; (3) Boyd's own admissions during his plea hearing; and (4) the probation officer's assessment of the facts in the PSR (Dkt. No. 56 at 4-6).

According to the Government and Lt. Purkey, on September 28, 2016, Boyd rented a hotel room in Bridgeport, WV for three (3) days (Dkt. Nos. 37 at 3-5; 59 at 33-44). He reserved the room with his credit card but requested to pay cash when he checked out. Boyd and another male went to Room 215 carrying several bags but left sometime later with no possessions. The next day, a

5

**BOYD v. UNITED STATES**                               **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

housekeeper found the room vacant except for a shoe box containing an empty black metal box. After hotel staff unsuccessfully attempted to reach Boyd, they charged his credit card, which was declined for insufficient funds. They then terminated his stay and assigned his room to other guests. On September 30, 2016, Boyd returned to the hotel alone and found that he could no longer access Room 215. At the front desk, he paid cash for three nights and, although he asked to be re-assigned to Room 215, hotel staff assigned him to Room 116. Boyd thereafter approached several staff members, seeking access to Room 215. Based on his behavior, hotel management grew suspicious of Boyd and searched the room, whereupon they found heroin, cocaine base, methamphetamine, $35,580.00, and a handgun.

While under oath at his plea hearing, Boyd confirmed the accuracy of the Government's account (Dkt. No. 59 at 44-45). He described his offense conduct thusly: "I had the drugs in the room, and I did get the room in my name, and it was me that – that got caught with the stuff in the room." Id. He also admitted his intent to distribute the controlled substances. Id. Based on these accounts, the probation officer recommended that Boyd's sentencing guideline calculation be enhanced pursuant to § 2D1.1(b)(12)

6

**BOYD v. UNITED STATES**                                      **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

because he "rented a motel room for the secure storage of the substances discovered" (Dkt. No. 37 at 9).

Given the strength of the evidence in support of the application of the two-level enhancement under § 2D1.1(b)(12), the decision of Boyd's attorney not to interpose an objection was not objectively unreasonably. His counsel could have reasonably concluded that this evidence sufficiently supported the Court's finding that Boyd maintained Room 215 for the purpose of distributing heroin, cocaine base, and methamphetamine. See Strickland, 466 U.S. at 689 (noting that a fair assessment of counsel's conduct requires an evaluation from counsel's perspective at the time); see also United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) (holding that "[a]n attorney's failure to raise a meritless argument [] cannot form the basis of a successful ineffective assistance of counsel claim[.]"); Moore v. United States, 934 F. Supp. 724, 731 (E.D.Va. 1996) (same). Boyd's ineffective assistance claim therefore fails under Strickland's first prong.

Even if counsel's performance had been deficient, Boyd cannot establish "a reasonable probability that . . . the result of the proceeding would have been different," or that the Court would not

7

**BOYD v. UNITED STATES**                          **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

have applied the U.S.S.G. § 2D1.1(b)(12) enhancement. Strickland, 466 U.S. at 694. Because Boyd rented and paid for the hotel room, he held a possessory interest in and controlled access to Room 215. He did not stay in the room, but instead used it to store various controlled substances and a firearm prior to his intended distribution. Boyd returned to the hotel alone, after which he repeatedly attempted to obtain access to Room 215, presumably to retrieve the contraband he had stored there.

Despite the fact that, during his plea colloquy, Boyd claimed ownership of the controlled substances and admitted he intended to distribute these substances, he now argues they belonged to another (Dkt. No. 44-1 at 4). Absent clear and convincing evidence to the contrary, however, a defendant is bound by the representations he makes under oath during a plea colloquy or at sentencing. See United States v. Lemaster, 403 F.3d 216, 222 (4th Cir. 2005); Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). Given the weight of evidence supporting the conclusion that Boyd possessed and stored the drugs and intended to sell them, even had Boyd's counsel objected, the Court could have reasonably concluded that he knowingly maintained Room 215 for the purposes of storing or

8

**BOYD v. UNITED STATES**                               **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

distributing controlled substances. Boyd thus cannot satisfy Strickland's second prong.

  **B.**  **Relevant Conduct Finding**

  Boyd next asserts that his counsel provided ineffective assistance by not requiring the Court to make an independent factual finding regarding the amount of relevant conduct attributable to him (Dkt. No. 44-1 at 11). According to Boyd, had his counsel required the Court to make "the proper individualized assessment" of his relevant conduct, "the amount of drugs attributable to him would have been substantially less." Id.

  "When the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing." United States v. Gilliam, 987 F.2d 1009, 1013 (citing U.S.S.G. § 6A1.3(b)). The Government bears the burden of proving by a preponderance of the evidence that quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Milam, 443 F.3d 382, 386 (4th Cir. 2006). This burden can be met in several ways, including by a defendant's acknowledgment during the plea colloquy or sentencing proceedings that the amount alleged by the Government is correct, by a stipulation of the

9

**BOYD v. UNITED STATES**                                1:18CV178/1:17CR30

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

parties that the court determines to have a reasonable factual basis, or by the defendant's failure to object to a recommended finding in a presentence report found to be reliable by the court. Id.

Here, the performance of Boyd's counsel did not fall below an objective standard of reasonableness because the quantity of controlled substances attributable to him had been agreed to by Boyd and the Government and therefore was undisputed. There was no need for the Court to resolve an undisputed issue of fact.

In the plea agreement, Boyd and the Government stipulated as follows:

> [T]he parties hereby stipulate and agree that the total drug relevant conduct of the Defendant with regard to the Indictment is the Defendant's possession with intent to distribute 996.67 grams heroin, 432.3 grams of cocaine base, and 449.6 grams of Methamphetamine with a purity level of 100%+/-.4%, while also possessing a Taurus revolver, Model 85, .38 caliber; and the Defendant's distribution of 59.3 grams of heroin.

(Dkt. No. 31 at 2). And during his plea colloquy Boyd agreed with the Government's version of his conduct, including the quantities of controlled substances seized from the hotel room (Dkt. No. 59 at 44). He also stated that he understood the effect of the plea

10

**BOYD v. UNITED STATES**                                          **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

agreement and, specifically, the effect of his relevant conduct stipulation. Id. at 27-28.

In the PSR, the probation officer determined that the Government's account of Boyd's conduct was "accurate and comprehensive" and converted each quantity of controlled substances and money to its marijuana equivalent to determine Boyd's base offense level under the sentencing guidelines (Dkt. No. 37 at 6). Neither party objected to the PSR. At Boyd's sentencing hearing, following its own independent review of the facts, the Court accepted the parties' plea agreement and adopted the PSR without change (Dkt. Nos. 56 at 4-5).

All of this establishes that, at sentencing, the Government more than met its burden of proving Boyd's relevant conduct through the stipulation to drug type and quantity in the plea agreement and Boyd's plea colloquy. Under these circumstances, the Court had no obligation to independently calculate Boyd's relevant conduct and his counsel's failure to require this calculation was not unreasonable under Strickland's first prong.

Boyd also cannot establish that he was prejudiced as required by Strickland's second prong. The four-count Indictment in this case charged Boyd with possession with the intent to distribute

11

**BOYD v. UNITED STATES**                              **1:18CV178/1:17CR30**

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

heroin (Count One), possession with the intent to distribute cocaine base (Count Two), possession with the intent to distribute methamphetamine (Count Three), and possession of firearm in furtherance of a drug trafficking crime (Count Four) (Dkt. No. 1). Boyd ultimately pleaded guilty to Count Two and, at sentencing, the Government moved for the dismissal of the remaining counts of the Indictment (Dkt. No. 38).

Boyd now argues that, although he pleaded guilty only to Count Two involving cocaine base, he "was held responsible for 996.67 grams of heroin, 432 grams of cocaine base, and 449.6 grams of methamphetamine" (Dkt. No. 44-1 at 9). He asserts that had his counsel required the Court to independently determine his relevant conduct he would only have been held responsible for the cocaine base. Id. This statement is legally inaccurate. The Fourth Circuit has "repeatedly upheld the use of dismissed conduct in determining the sentence." United States v. Mitchell, 46 F. App'x 189, 190 (4th Cir. 2002) (citing United States v. Barber, 119 F.3d 276, 284 (4th Cir. 1997). Therefore, even had the Court independently determined Boyd's relevant conduct, it still would have included the quantities of heroin, methamphetamine, and cocaine base about

12

**BOYD v. UNITED STATES**  1:18CV178/1:17CR30

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

which Boyd complains. Boyd thus has failed satisfy Strickland's second prong.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Boyd's § 2255 motion (Dkt. No. 44), and **DISMISSES** Civil Action Number 1:18CV178 **WITH PREJUDICE**. Because the record conclusively establishes that Boyd is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing. 28 U.S.C. § 2255(b); see Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order in favor of the United States, to transmit a copy of this order to Boyd by certified mail, return receipt requested, to counsel of record by electronic means, and to strike this case from the Court's active docket.

## V. NO CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate

13

**BOYD v. UNITED STATES**  1:18CV178/1:17CR30

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION [DKT. NO. 44]**

from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. § 2255(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Boyd has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that Boyd has failed to make the requisite showing and, therefore, **DENIES** issuing a certificate of appealability.

Dated:    August 31, 2021

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE